NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—August, 1885.

### O'REILLY *v.* MEYER.

*In the matter of the judicial settlement of the account of* FRANK MEYER, *one of the executors of the will of* JOHN O'REILLY, *deceased.*

The court will not allow extraordinary compensation, by way of costs and counsel fees, out of an estate, on the application of the attorney for an accounting executor, upon the ground of trouble experienced by the former in consequence of his client's ignorance of bookkeeping and irregular method of keeping his accounts. Importunities in this behalf should be addressed to the executor, personally.

APPLICATION by attorney of executor for allowance of costs upon judicial settlement of the latter's account; objections whereto were interposed by Rose Ann O'Reilly, decedent's widow and sole legatee under his will.

M. M. BUDLONG, *for executor.*

A. H. GLEASON, *for objector.*

THE SURROGATE.—The supplemental affidavit of the executor's attorney alleges, among other things, that the executor " kept his accounts in a very irregular way, not knowing his duties clearly, and being unfamiliar with bookkeeping," and that the attorney, therefore, " experienced great trouble and embarrassment in straightening out the accounts so as to make them presentable on the reference."

I cannot accept these facts as a sufficient ground for awarding larger compensation, by way of costs and counsel fees, than could have been justly claimed if the accounts to which counsel refers had been kept by the executors with clearness and precision. For I should thus be offering a premium to executors for remissness in their duty. They should, at all times, keep distinct and accurate accounts for the inspection of persons interested in the estate (Blauvelt v. Ackerman, 23 *N. J. Eq.*, 495). I do not doubt that the attorney has earned all the compensation he claims by way of counsel fees; but the accounting party, out of his commissions, or otherwise, may make good the amount that I feel compelled to disallow.